# In the United States Court of Federal Claims
(Pro Se)

| | |
|---|---|
| SANDRA C. KENAN,<br>f/k/a SANDRA DENISE CURL,<br>f/k/a SANDRA CURL JACOBS EL,<br><br>          Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>          Defendant. | No. 20-287T<br>(Filed: August 18, 2020) |

## ORDER AND OPINION

Plaintiff Sandra Kenan, proceeding pro se, filed a complaint on March 12, 2020. Compl., Dkt. No. 1. On April 23, 2020, the government moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss ("Def.'s Mot."), Dkt. No. 6. For the reasons discussed below, the government's motion to dismiss is **GRANTED**.

### BACKGROUND

According to Ms. Kenan, on August 22, 2016, Internal Revenue Service ("IRS") Agent Veronica Kyriakides oversaw a search conducted on Ms. Kenan's home. Compl. at 2; Obj. to Dismissal ("Pl.'s Resp.") Ex. A, at 10, Dkt. No. 7-1.[1] She claims that, during the search, IRS agents improperly seized:

> medical records, financial records, tax documents, banking statement[s], private business client[']s contact information along with social security numbers, birth certificates, foreign exchange currency of Zimbabwe notes, Dinar notes, . . . $90,000.00 from trust bank account with TD bank, . . . computers, cell phones, social security cards, . . . [and] minor children birth certificates.

---

[1] The page numbers in Ms. Kenan's response brief and in her complaint are those provided by the court's electronic filing system.

Compl. at 6. Ms. Kenan avers that the warrant authorizing this search was "under someone else['s] name of Walter L. Vincente Hernandez" and was therefore defective. Id. at 5.

On September 25, 2019, a grand jury in the United States District Court for the District of Maryland issued an indictment charging Ms. Kenan with conspiracy to defraud the United States under 18 U.S.C. § 371, theft of government property under 18 U.S.C. § 641, and aiding and assisting the preparation of a false return under 26 U.S.C. § 7206(2). See Indictment, United States v. Curl, No. 8:19-cr-00444-GJH-1 (D. Md. Sept. 25, 2019), ECF No. 1. Ms. Kenan states that following her indictment she was arrested and held in custody for an unspecified period of time. Pl.'s Resp. at 3. Ms. Kenan was subsequently released under court supervision. Order Setting Conditions of Release, United States v. Curl, No. 8:19-cr-00444-GJH-1, ECF No. 14. The case is still pending.

In her complaint, Ms. Kenan alleges that Agent Kyriakides "violated constitutional duties and the bill of rights, by stealing personal property using a defective warrant, and using stolen property as evidence . . . to indict[ Ms. Kenan] and obtain a warrant for [her] arrest." Compl. at 2. Ms. Kenan further asserts that Ms. Kyriakides "breached her contract obligation by not honoring the Oath of Office she was sworn to uphold and violating the laws and rules of procedures that govern the office of public servants and government." Id. She seeks the return of all her property, id. at 3, and the "removal of Agent Veronica Kyriakides and any other finance damage this Court deem[s] fair," id. at 9.

## DISCUSSION

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

The Tucker Act grants the United States Court of Federal Claims the power to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Court does not have the authority to order equitable relief, such as an order directing the removal of a government official, or for return of property seized pursuant to a search warrant, except to the extent that such equitable relief is "an incident of and collateral to" a money judgment. James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting 28 U.S.C. § 1491(a)(2)).

Further, the Tucker Act—a jurisdictional statute—"does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Thus, a plaintiff must identify a separate money-mandating source of

substantive rights to establish the court's jurisdiction. See Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

Ms. Kenan has not identified a money-mandating source of law establishing a substantive right to recover money-damages as required for this Court's jurisdiction. See id. at 1173. The gravamen of Ms. Kenan's complaint is her challenge to the execution of the search warrant that resulted in her indictment. She claims that the IRS "violate[d] the Constitution[] . . . by violating . . . [the] Fourth Amendment . . . [which] protects citizen[s] from unreasonable search and seizures" and asserts that in her case the "warrant did not meet the elements required." Compl. at 7. However, the Fourth Amendment does not mandate the payment of money-damages for its violation. Pekrul v. United States, 792 F. App'x 836, 838 (Fed. Cir. 2020) (citing Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997)). Thus, Ms. Kenan's claim that the August 22, 2016 IRS search violated her Fourth Amendment rights is outside this Court's jurisdiction. See id.

The Court also lacks jurisdiction over Ms. Kenan's claim that Agent Kyriakides and other federal officials violated various ethical obligations and their oaths of office. First, the Tucker Act confers jurisdiction to hear claims against the United States, not against individuals. See Wolffing v. United States, 144 Fed. Cl. 626, 637 (2019). Second, although Ms. Kenan characterizes the alleged violation of their oaths of office as a breach of contract, such claims instead sound in tort, Nalette v. United States, 72 Fed. Cl. 198, 202 (2006), and the Tucker Act expressly excludes cases sounding in tort from its grant of jurisdiction, 28 U.S.C. § 1491(a)(1).

Finally, in opposing the government's motion to dismiss, Ms. Kenan invokes 28 U.S.C. § 1495. Pl.'s Resp. at 2. Section 1495 of title 28 provides that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." (emphasis supplied). Ms. Kenan's criminal case remains pending and she does not allege that she has been unjustly convicted of a federal offense, so this provision does not apply.

The Court has reviewed the remaining claims in Ms. Kenan's complaint and her opposition to the government's motion to dismiss and finds them either frivolous or not within the Court's Tucker Act jurisdiction. Her complaint must therefore be dismissed based on lack of subject matter jurisdiction.[2]

---

[2] On June 16, 2020, Ms. Kenan submitted to the Court a sur-reply to the government's reply in support of its motion to dismiss. On June 23, the Court returned Ms. Kenan's sur-reply to her unfiled. Dkt. No. 9. Ms. Kenan has requested the Court reconsider its decision not to consider Ms. Kenan's sur-reply in its ruling on the government's motion to dismiss. Dkt. No. 10. In light of the Court's dismissal of the complaint for lack of subject matter jurisdiction, the motion for reconsideration is **DENIED** as moot.

## CONCLUSION

The government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Ms. Kenan's complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Judge
